# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Amy C. Mannion

v.

Mary Washington College

July 26, 1996

Case No. CL96-138

BY JUDGE JOHN W. SCOTT, JR.

This matter comes before the Court on the petition of Amy C. Mannion, by counsel, presenting that the final decision of Mary Washington College (hereinafter referred to as the "agency") denying her application for classification as an in-state student be reversed. It is the function of the court, in reviewing the "agencies" determination, to determine whether the decision is supported by the record or is arbitrary, capricious, or otherwise contrary to the law. Section 23-7.4(H), Code of Va. (1950, as amended).

In order to become eligible for in-state tuition, an independent student shall establish by clear and convincing evidence that for a period of at least one year immediately prior to the date of the alleged entitlement, she was domiciled in Virginia and had abandoned any previous domicile, if such existed. Section 23-7.4(B), Code of Va. (1950, as amended). The domicile of an individual is determined by considering a large number of factors. The record in this case contains a number of facts which help determine Amy Mannion's domicile.

The Petitioner came to Virginia in 1993 to enroll in college. Prior to that time, she resided in the State of Connecticut with her parents. The only reason the Petitioner came to Virginia was to attend college. While in Virginia, the Petitioner opened a bank account with a Virginia bank, obtained a Virginia driver's license, obtained employment both with the agency and in

the jurisdiction in which she resided, and became financially independent from her parents.

The Petitioner also registered to vote in Virginia in December 1995, never filed or paid Virginia income tax, and received a Stafford Loan which is guaranteed by the State of Connecticut in connection with her attending college here in Virginia for the 1995/96 academic year.

Given these facts, the Court must focus on the Petitioner's actions during the 1995/96 school year to determine if there was a change in domicile. In December 1995, the Petitioner registered to vote in Virginia. The record does not reflect any other change in circumstance that would indicate a change in domicile.

If the Petitioner's domicile, in fact, changed as of December 1995, the Petitioner does not satisfy the statutory requirement that domicile must be changed at least one year prior to the alleged entitlement. Section 23-7.4(B), Code of Va. (1950, as amended).

It is therefore adjudged, ordered, and decreed that the Petition of Amy C. Mannion to reverse the decision by Mary Washington College declaring her ineligible to be charged in-state tuition is denied.